[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14892
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 5, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00069-CV-4-HGD

JOSEPH FAULKNER,

Plaintiff-Appellant,

versus

WOODS TRANSPORTATION, INC.,

Defendant-Appellee,

GEORGE WOODS,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 5, 2006)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Joseph Faulkner filed this employment discrimination action against Woods Transportation, Inc., alleging violations of anti-retaliation provisions of Title VII, 42 U.S.C. § 2000e-3(a), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(d). Faulkner appeals the district court's grant of Woods Transportation's motion for judgment as a matter of law. After review, we affirm.

## I. BACKGROUND

### A. First EEOC Charge

Appellant Faulkner, a disabled, 74-year-old African-American, worked as a bus driver for Woods Transportation from August 1985 until April 1997, when he was terminated. After his April 1997 termination, Faulkner filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination and retaliation. He also filed a complaint with the National Labor Relations Board ("NLRB"). As part of the NLRB settlement, Woods Transportation reinstated Faulkner in August 1997. The EEOC proceedings continued, and the EEOC issued Faulkner a notice of right to sue.

### B. Second EEOC Charge

In August 1998, Woods Transportation suspended Faulkner for violating the company's sexual harassment policy and then terminated him in October 1998. Faulkner filed another EEOC charge, alleging that his second termination was retaliation for his first EEOC charge and his NLRB complaint. After the EEOC issued a notice of right to sue, Faulkner filed this action in district court against Woods Transportation and George Woods, the president of Woods Transportation, alleging violations of the anti-retaliation provisions of Title VII, the ADA and the ADEA. Following discovery, the defendants moved for summary judgment. The district court granted summary judgment as to George Woods, finding that he was not a proper party, but denied summary judgment as to Woods Transportation.[1]

## C.    Jury Trial

Faulkner's case against Woods Transportation proceeded to trial before a jury. At the close of Faulkner's evidence, Woods Transportation orally moved for a judgment as a matter of law under Rule 50(a). Counsel for Woods Transportation argued that Faulkner had failed to present evidence that Woods Transportation fell within the statutory definition of an "employer," which it claimed was a threshold jurisdictional requirement. The district court granted the motion in a written order. Specifically, the district court determined that Faulkner

---

[1]On appeal, Appellant Faulkner does not challenge the district court's entry of summary judgment in favor of George Woods.

had failed to show through either testimony or exhibits that Woods Transportation had 15 or more employees during the requisite period.[2]  The district court also noted that, after Woods Transportation made its Rule 50(a) motion, Faulkner did not seek to introduce evidence regarding the number of employees.  As a result, the district court dismissed Faulkner's action with prejudice.

Faulkner timely appealed but only as to his retaliation claim under Title VII.[3]

## II.  DISCUSSION

On appeal, Faulkner argues that the district court, though citing Rule 50, actually dismissed his Title VII claim for lack of subject matter jurisdiction under Rule 12(b)(1).  According to Faulkner, whether Woods Transportation meets the statutory definition of an "employer" under Title VII implicates both a jurisdictional question and an underlying substantive element of his claim.  Citing Morrison v. Amway Corporation, 323 F.3d 920 (11th Cir. 2003), Faulkner contends that the factual issue whether Woods Transportation had 15 or more employees

---

[2]Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."  42 U.S.C. § 2000e(b).  The ADA contains a similar definition of employer.  See 42 U.S.C. § 12111(5)(A). The ADEA limits the definition of employer to persons having 20 or more employees.  29 U.S.C. § 630(a).

[3]Faulkner does not challenge on appeal the dismissal of his ADA and ADEA retaliation claims.

4

should have been decided by a jury rather than by a judge.[4]

On February 22, 2006, after the parties submitted their appellate briefs, the Supreme Court decided <u>Arbaugh v. Y & H Corporation</u>, ___ U.S. ___, 126 S. Ct. 1235 (2006). In <u>Arbaugh</u>, the Supreme Court held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." <u>Id.</u> at 1245. Therefore, to the extent the district court based its ruling on the lack of subject matter jurisdiction, that determination is erroneous. Nonetheless, we conclude that the dismissal of Faulker's Title VII claim should be affirmed. <u>See</u> <u>Collado v. United Parcel Serv., Co.</u>, 419 F.3d 1143, 1151-53 (11th Cir. 2005) ("If judgment as a matter of law was due to be granted, it matters not whether the district court got the reasons for doing so right.").

The district court may enter judgment as a matter of law if, during a jury trial, the plaintiff fails to present a "legally sufficient evidentiary basis for a reasonable jury" to find any element of the plaintiff's claim. <u>See</u> Fed. R. Civ. P. 50(a)(1).[5] We review <u>de novo</u> a district court's grant of a Rule 50(a) motion for

---

[4]In <u>Morrison</u>, we held that when the jurisdictional issue becomes intertwined with the merits of the claim, the district court should not resolve the question under Rule 12(b)(1), but under either Rules 12(b)(6) or 56 and review for sufficiency of the evidence. 323 F.3d at 929-30.

[5]Rule 50(a)(1) provides:
> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonably jury to find for that party on that issue, the court may determine the issue against that party and may grant a

5

judgment as a matter of law, considering all the evidence in the light most favorable to the non-moving party. Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1215 (11th Cir. 2004). "A directed verdict is only proper when the facts and inferences so overwhelmingly favor the verdict that no reasonable juror could reach a contrary decision. However, a mere scintilla of evidence does not create a jury question; instead, there must be a substantial conflict in evidence to support a jury question." Id. (citations and quotation marks omitted).

As discussed above, Title VII's employee-numerosity requirement is an element of the plaintiff's claim. Arbaugh, 126 S. Ct. at 1245. Thus, to survive Woods Transportation's Rule 50(a) motion, Faulkner needed to present at trial legally sufficient evidence from which a reasonable jury could find that Woods Transportation had at least 15 employees during the statutory time period. The district court concluded that Faulkner did not present such evidence.

Furthermore, on appeal Faulkner has not identified any evidence that he contends showed the number of employees at Woods Transportation. In addition, Faulkner failed to provide this Court with a trial transcript, which precludes us from independently reviewing the district court's finding regarding the numerosity

motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

6

requirement.  <u>See</u> Fed. R. App. P. 10(b) (placing burden on appellant to provide necessary record on appeal, including transcripts); <u>Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002) (concluding that appellants "must provide trial transcripts in the appellate record to enable this court to review challenges to sufficiency of the evidence").

Accordingly, we affirm the district court's order granting Wood Transportation's motion for judgment as a matter of law.

**AFFIRMED.**